34 F.3d 1079
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Martha A. REYNOLDS, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 94-3510.
 United States Court of Appeals, Federal Circuit.
 Aug. 5, 1994.
 
 Before RICH, Circuit Judge, BENNETT, Senior Circuit Judge, and MICHEL, Circuit Judge.
 ON MOTION
 RICH, Circuit Judge.
 
 ORDER
 
 1
 Martha A. Reynolds moves for a stay, pending review, of the Merit Systems Protection Board's June 17, 1994 order sustaining the Department of Justice's removal of Reynolds.
 
 
 2
 The Department issued a notice of removal on February 12, 1993 based on Reynolds' failure to report for fitness-for-duty examinations. On appeal, the Administrative Judge (AJ) reversed the agency's removal finding that the Department "failed to prove that Reynolds knew she was expected to report for the fitness-for-duty examinations" in view of the Department's misspelling of the city in Reynolds' address and Reynolds' testimony that she never received the letters asking her to report for the examinations.* On petition for review, the Board reversed the AJ's decision determining that the Department made a prima facie showing that Reynolds received the letters in spite of the misspelling and thus that the Department had proved its charge that Reynolds was ordered to report for two fitness-for-duty examinations and did not report for either one. The Board sustained the Department's removal.
 
 
 3
 Reynolds seeks a stay of the Department's removal, pending review. In considering whether to grant a stay, pending review, this court looks to the traditional stay factors:
 
 
 4
 ... (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.
 
 
 5
 Standard Havens Products v. Gencor Industries, 897 F.2d 511, 512 (Fed.Cir.1990). In this instance, Reynolds has failed to provide any arguments on the four stay factors. Instead, Reynolds seeks a stay in order to "supplement the administrative record, via review, with genuine issues of statutory and Constitutional nature." Thus, Reynolds has completely failed to establish that she is entitled to a stay.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 Reynolds' motion for a stay, pending review, is denied.
 
 
 
 *
 The Department addressed the letters to "Dectuar" instead of "Decatur," Georgia. The rest of the address, including the house number and zip code, was correct